IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIAN D. SWANSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 122-011 |
| BRAD RAFFENSPERGER, Secretary of State, State of Georgia, | * | |
| Defendant. | * | |

O R D E R

Before the Court is Defendant's motion to dismiss. (Doc. 6.) For the following reasons, Defendant's motion to dismiss is **GRANTED**.

I. BACKGROUND

Plaintiff, Brian Swanson, proceeding *pro se*, brings this action against Defendant, Georgia's Secretary of State Brad Raffensperger, for allegedly violating the Seventeenth Amendment of the United States Constitution by holding the November 3, 2020 United States Senate election ("the Election").[1] (Doc. 1, at 4.)

---

[1] This is the second action Plaintiff has brought challenging the November 3, 2020 election. See, Swanson v. State of Georgia, No. 1:21-cv-020, 2022 WL 193726 (S.D. Ga. Jan. 20, 2022). This Court dismissed Plaintiff's previous complaint for lack of subject matter jurisdiction because Plaintiff lacked

Plaintiff seeks a court order declaring the Election unconstitutional, instructing "the Georgia State Legislature to appoint two Senators to the United States Senate in accordance with Article 1 Sec. 3 of the Constitution," and declaring that "all future Senators from the State of Georgia must be appointed by the Georgia State Legislature unless the Legislature ratifies the Seventeenth Amendment," and seeks an injunction prohibiting Secretary Raffensperger from conducting the November 8, 2022 election for United States Senator "until this Court determines if the Seventeenth Amendment has legal force in the State of Georgia." (Id. at 5.) Defendant moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction, mootness, and failure to state a claim. (Doc. 6-1, at 2.) For the reasons explained below, Defendant's motion is **GRANTED**.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and an action may proceed in federal court only if subject matter jurisdiction exists. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974-75 (11th Cir. 2005). Federal Rule of Civil Procedure 12(b)(1) permits litigants to move for dismissal when the court lacks jurisdiction over the subject matter of the dispute. FED. R.

---

standing. Plaintiff notes that he brings the present action to cure the deficiencies in his previous Compliant. (Doc. 9, at 1.)

2

CIV. P. 12(b)(1). "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese, 405 F.3d at 974; see also Austin & Laurato, P.A. v. U.S., 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy"), cert. denied, 571 U.S. 1201 (2014). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese, 405 F.3d at 974.

The party invoking federal jurisdiction — in this case, Plaintiff — bears the burden of establishing standing. Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). "[E]ach element of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" Id. (quoting Defs. Of Wildlife, 504 U.S. at 561). Thus, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace

3

those specific facts that are necessary to support the claim." Defs. Of Wildlife, 504 U.S. at 561 (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)); see also Bischoff, 222 F.3d at 878 ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing.").

> The three requirements for Article III standing are familiar: the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.'

Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (quoting Defs. Of Wildlife, 504 U.S. at 560-61).

### III. DISCUSSION

Plaintiff fails to allege an injury sufficient to establish standing. "A 'concrete' injury must be 'de facto' – that is, it must be 'real, and not abstract.'" Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 240 (2016)). "A plaintiff seeking relief in federal court must . . . [have] a personal stake in the outcome . . . distinct from a generally available grievance about

government." Gill v. Whitford, 138 S. Ct. 1916, 1923 (2018) (internal quotation marks and citation omitted).

Plaintiff alleges that the actions of Defendant caused him to suffer "irreparable injury to Plaintiff's oath and duty to support and defend the Constitution by compelling him to cast an unconstitutional vote in an unconstitutional election." (Doc. 1, at 4.) More specifically, in his Reply Brief, Plaintiff states that he is a "retired naval officer and as such he has sworn an oath to 'support and defend the Constitution against all enemies foreign and domestic' in accordance with 5 U.S. Code § 3331" and "[a]s a retired naval officer he is still bound by his legal oath." (Doc. 9, at 3.)

Violation of an oath, without more, is not a sufficient injury to establish standing. See, Finch v. Mississippi State Med. Ass'n, Inc., 585 F.2d 765, 774 (5th Cir. 1978).[2] In Finch, the Fifth Circuit found that the Governor of Mississippi lacked standing when he challenged a state law that he believed, if enforced, would cause him to violate his oath of office to uphold the Constitution. 585 F.2d at 773-75. The court reasoned that because the Governor was in no danger of being expelled from office if he failed to comply with the statue, nor was his office in danger of losing funds, he did not have a "sufficient personal

---

[2] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

5

stake" in the outcome of the case. Id. at 774. Here, Plaintiff alleges only that his injury is violating the oath and duty he took while in the military. This is insufficient to establish standing, and thus, the Court lacks subject matter jurisdiction over this case.[3] Accordingly, Plaintiff's claims are **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 6) is **GRANTED** and this matter **SHALL BE DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of November, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Because Plaintiff lacks an injury sufficient to confer standing to bring this suit, the Court does not address Defendant's remaining arguments.